IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LINDSEY KRUESI, | Civ. No. 6:25-cv-00434-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS and TONY KLEIN, in his individual capacity, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff Lindsey Kruesi brings a federal claim under 42 U.S.C. § 1983 and state claims for Sexual Battery, Battery, and Intentional Infliction of Emotional Distress against Defendants Oregon Department of Corrections ("ODOC") and Tony Klein (collectively, "Defendants"). *See* Compl., ECF No. 1-1. Defendants move to dismiss the claims under Rule 12(b)(6) for failure to state a claim, ECF No. 7. For the reasons explained below, Defendants' Motion, ECF No. 7, is GRANTED. The Court dismisses Plaintiff's § 1983 claim with prejudice and dismisses Plaintiff's state claims without prejudice.

BACKGROUND

Plaintiff was incarcerated at Coffee Creek Correctional Facility from 2013 to January 2018. Compl. ¶ 5. Plaintiff alleges that, in March 2017, she suffered rectal bleeding from Von Willebrand's disease and sought "emergency medical treatment"

Page 1 – OPINION AND ORDER

at the Coffee Creek "medical bay." *Id.* ¶ 6. In 2017, Defendant Klein was employed by ODOC as a Nurse Practitioner at the Coffee Creek medical bay. *Id.* ¶ 1. Plaintiff alleges that "[w]hile she was seeking treatment, [Defendant] Klein sexually assaulted [her] by digitally penetrating her rectum and vagina repeatedly without her consent." *Id.* ¶ 6. She also alleges that "[p]rior to that incident, in spring and summer of 2017, [Defendant] Klein inappropriately touched [her] in a sexual manner without her consent" while she was "working under him in the medical bay[.]" *Id.* ¶¶ 7, 16. "[Defendant] Klein was later charged with sexual abuse in the second degree and convicted in October 2023 in [state] court for his sexual offenses against [P]laintiff and similarly situated detainees at [C]offee [C]reek, case number [3:22-cr-00084-SI]." *Id.* ¶ 9.

## LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* (internal quotation marks and citation omitted). "Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the [complaint's] allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

## DISCUSSION

Plaintiff brings one federal and three state claims that arise from alleged sexual assaults by ODOC employee Tony Klein that occurred while Plaintiff was an inmate at the Coffee Creek Correctional Facility in 2017. Plaintiff filed her Complaint in state court on February 4, 2025. Defendants timely removed the case and now move to dismiss the claims as time barred.

I.  *Section 1983 Claim*

Defendants move to dismiss the Section 1983 claim because "the statute of limitations that applies is the two-year statute of limitations found in ORS 12.110[,]" Oregon's general assault statute. Def. Reply at 2, ECF No. 15. Plaintiff contends

that the applicable statute of limitations is five, not two years, and is governed by ORS 12.118(1), Oregon's adult sexual assault statute. Pl. Resp. at 2, ECF No. 10.

Section 1983 does not contain a statute of limitations. "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *see also Wilson v. Garcia*, 471 U.S. 261, 275 (1985) ("[Section 1983] is fairly construed as a directive to select, in each State, the *one* most appropriate statute of limitations for all § 1983 claims. The federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach.") (emphasis added).

In an analogous case, *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (2012), the Ninth Circuit held that the applicable Oregon statute of limitations for a § 1983 child abuse claim was the state's general personal injury statute, ORS 12.110, not the child abuse statute or the statute that tolls actions brought by minors. The court explained that "a state's residual personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to § 1983 claims to prevent unnecessary litigation and preserve the efficacy of the § 1983 remedy." *Id.* at 579 (citing *Wilson*, 471 U.S. at 272–73).

Here, the Court must apply the two-year statute of limitations from Oregon's general personal injury statute, ORS 12.110, to Plaintiff's § 1983 claim.

Page 4 – OPINION AND ORDER

Plaintiff argues that her claim did not accrue until she discovered the tortious nature of her injuries during Defendant Klein's 2023 state criminal trial and conviction. Pl. Resp. at 2 ("Plaintiff did not understand, and consequently could not reasonably have been expected to discover, Defendant Klein's actions as tortious conduct warranting a civil injury suit until Defendant Klein was charged and later convicted in October 2023."). Plaintiff again relies on Oregon's adult sexual abuse statute, ORS 12.118(1). *Id.* ORS 12.118(1) provides that an action for sexual assault against an adult commences "from the date the person discovers, or . . . should have discovered, the causal connection between the sexual assault and the injury." *See* ORS 12.118(1).

The accrual of a § 1983 claim is governed by federal, not state, law. *Bonneau*, 666 F.3d at 581 (citing *Wallace v. Kato*, 549 U.S. 384, 388). Under federal law, a claim accrues "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008). "[O]nce a plaintiff knows that harm has been done to him, he must 'determine within the period of limitations whether to sue or not, which is precisely the judgment that other tort claimants must make.'" *Id.* (quoting *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981). "The 'actual injury' is the harm alleged in the complaint, not the 'legal wrong' that renders the injury actionable." *Doe v. Cnty. of Josephine*, Nos. 1:12–cv–2080–CL, 1:13–cv–0724–CL, 1:13–cv–0825–CL, 2015 WL 2412181, at *2 (D. Or. May 18, 2015).

Page 5 – OPINION AND ORDER

Here, Plaintiff alleges that, in March 2017, Defendant Klein sexually assaulted her in the medical bay when she sought treatment for rectal bleeding, Compl. ¶ 6, and also that he touched her in an inappropriate "sexual manner[,]" during the spring and summer of 2017, *id.* ¶ 7, "while she was . . . working under him in the medical bay[,]" *id.* ¶ 16. Yet Plaintiff argues that her claim did not accrue until Defendant Klein's 2023 criminal trial because "Plaintiff was not reasonably able to discover that Defendant Klein's actions constituted tortious conduct until the criminal process was well underway." Pl. Resp. at 2. Plaintiff thus maintains that her claim did not accrue until she discovered that her injuries constituted a legal cause of action. But a § 1983 claim accrues not when a legal cause of action is discovered, but when the actual injury occurs. Here, Plaintiff's actual injuries occurred in 2017. Plaintiff alleges that she was "intentionally subjected . . . to a harmful or offensive sexual touching to which she did not consent," Compl. ¶ 20, that caused her to suffer "extreme emotional distress," *id.* ¶¶ 29–30. Plaintiff knew that harm was done to her at the time she suffered the actual injuries in 2017. Her claim thus accrued at that time. The Court must dismiss Plaintiff's § 1983 claim as time barred because it accrued in 2017 and was subject to a two-year statute of limitations but was not filed until 2025.

II.   *State Claims*

Plaintiff brings three state claims: Sexual Battery, Battery, and Intentional Infliction of Emotional Distress. Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Typically,

"[w]hen federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367–68 (9th Cir. 1992) (citation omitted); *see also City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010) (district court acted within its discretion to decline supplemental jurisdiction over state-law claims after dismissing all federal claims).

Here, the Court has dismissed Plaintiff's sole federal claim. The only claims that remain are pendant state claims. The Court declines to exercise supplemental jurisdiction over the remaining state claims and, accordingly, dismisses them without prejudice.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendants' Motion, ECF No. 7. Plaintiff's § 1983 claim is DISMISSED with prejudice. Plaintiff's state claims are DISMISSED without prejudice. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 9th day of July 2025.

    /s/Ann Aiken
ANN AIKEN
United States District Judge